# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| *DENISE DICKERSON-ROGERS*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| | ) |
| | ) |
| *GENERAL MOTORS FINANCIAL COMPANY, INC.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Denise Dickerson-Rogers, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1)　The Fair Credit Reporting Act provides that, when a consumer disputes information that a creditor is reporting to a credit reporting agency, the creditor must conduct a reasonable investigation into that information. The FCRA and its progeny further provide that, when the creditor does not delete or modify that information, the creditor must report that its information is being disputed. In the case at bar, Defendant General Motors Financial Company, Inc. failed to conduct a reasonable investigation into information about Ms. Denise Dickerson-Rogers that the Defendant itself was reporting and also failed to report that that information was being disputed. Thus, the Defendant violated the FCRA.

### Jurisdiction and Venue.

2)　Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred within the Eastern

Division.

## Parties.

3) Plaintiff Denise Dickerson-Rogers is a "consumer" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(c), and in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3).

4) Defendant General Motors Financial Company, Inc. is a "person" as that term is defined in the Fair Credit Reporting Act at 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation").

5) Defendant General Motors Financial Company, Inc. is also a "debt collector" as that term is defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6).

6) Defendant General Motors Financial Company, Inc. is additionally a corporation incorporated and headquartered in the State of Texas.

## Factual Allegations.

7) Ms. Denise Dickerson-Rogers agreed to guarantee an automobile secured loan made by Defendant General Motors Financial Company.

8) Eventually, the borrowers did not timely pay on the loan, and Defendant General Motors Financial seized the security, which was the automobile.

9) As is customary and pursuant to the parties' agreement, the loan balance was to accurately account for any lender seized security.

10) However, after Defendant GM Financial seized the security, the Defendant continued to report the loan balance amount to credit reporting agencies without accurately accounting for the Defendant seized security.

11) Ms. Dickerson-Rogers disputed Defendant GM Financial's reported information with a

credit reporting agency and, upon information and belief, the credit reporting agency forwarded Ms. Dickerson-Rogers's dispute to the Defendant and the Defendant received Ms. Dickerson-Rogers's dispute.

12) However, Defendant GM Financial failed to conduct a reasonable investigation into its reported information and the Defendant continues to report the loan balance amount without accurately accounting for the seized security.

13) Upon information and belief, Defendant GM Financial also made the decision to continue reporting its information without noting that Ms. Dickerson-Rogers is disputing that information.

14) Because Defendant GM Financial did not note Ms. Dickerson-Rogers' dispute, credit reporting agencies are reporting the debt amount without noting that Ms. Dickerson-Rogers disputes that debt amount.

15) "[W]hen a furnisher responds to a [credit reporting agency's] dispute verification form and relates an ongoing dispute, Trans Union records the dispute in the credit report and <u>does not include the derogatory information in assessing the credit score</u>." *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) (emphasis added). "Thus, [the furnisher]'s decision to report the debt but not the dispute resulted in a much lower credit score for [Plaintiff] than a report of both the debt and the dispute." *Id.*, at 146 – 147. "Put simply, the failure to inform a credit reporting agency that the debtor disputed his or her debt will always have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans v. Portfolio*, 889 F.3d 337, 349 (7th Cir. 2018).

16) Because of Defendant GM Financial's conduct, Ms. Dickerson-Rogers, *inter alia*, "suffered a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio*, 889 F.3d 337, 346 (7th Cir. 2018) (holding that "real risk of financial harm" is an injury under

Article III of the United States Constitution) (citations and internal quotations omitted).

## Causes of Action.

### The Fair Credit Reporting Act.

#### Count One.

17) The Fair Credit Reporting Act, at 15 U.S.C § 1681s-2(b)(1)(A), states, in relevant part, that, "[a]fter receiving notice ... of a dispute with regard to the completeness or accuracy of any information provided by [a creditor] to a consumer reporting agency," the creditor "shall ... conduct an investigation with respect to the disputed information." "[C]ourts have consistently concluded that § 1681s-2(b) should be read as requiring a 'reasonable' investigation." *Humphrey v. Navient Solutions, Inc.*, 16 cv 370 (W.D. Wis. 2017), ECF No. 137, p. 5, (string citations omitted), *rev'd on other grounds*, 759 F. App'x 484 (7th Cir. 2019) ("When a credit-reporting agency notifies a debt collector of a disputed debt, the debt collector must 'conduct an investigation with respect to the disputed information.' 15 U.S.C. § 1681s-2(b)(1)(A). Whether the furnisher's investigation is reasonable is a factual inquiry.").

18) Defendant GM Financial violated Section 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to information about Ms. Dickerson-Rogers that the Defendant itself provided to credit reporting agencies.

#### Count Two.

19) The Fair Credit Reporting Act, at 15 U.S.C. § 1681s-2(b)(1)(D), states, in relevant part, that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to

report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id*. (citing *Saunders v. Branch Banking & Trust Co. of Va*., 526 F.3d 142, 150 (4th Cir. 2008)) (emphasis added).

20) Defendant GM Financial willfully violated Section 1681s-2(b)(1)(D) by making the decision to continue reporting its information about Ms. Dickerson-Rogers without noting that Ms. Dickerson-Rogers disputes that information.

<u>The Fair Debt Collection Practices Act.</u>

<u>Count Three</u>

21) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector may not use any false, deceptive, or misleading representation." Subsection 1692e(8) specifically prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889 F.3d 337, 346 (7th Cir. 2018).

22) Defendant GM Financial violated Subsection 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt amount was disputed.

**<u>Prayer for Relief.</u>**

WHEREFORE, Denise Dickerson-Rogers prays that this Court (1) holds a trial by jury; (2) enters judgment in her favor (and against Defendant GM Financial) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and

15 U.S.C. § 1692k; and (3) orders prospective equitable relief for this ongoing violation of federal laws.

            Respectfully submitted,
            Plaintiff's, Denise Dickerson-Rogers', Counsel
            North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*.
            Paúl Camarena, Esq.
            500 So. Clinton, No. 132
            Chicago, IL 60607
            paulcamarena@paulcamarena.com
            (312) 493-7494